## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOAN KLAYTON, on behalf of herself and all others similarly situated,

Plaintiff(s),

-against-

ARS ACCOUNT RESOLUTION;
HEALTHCARE REVENUE RECOVERY
GROUP, LLC;  and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: _____

### CIVIL ACTION

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1.      Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendants, ARS ACCOUNT RESOLUTION ("ARS"), HEALTHCARE REVENUE RECOVERY GROUP, LLC, ("HRRG"), and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district and at least one of the Plaintiffs resides in this jurisdiction.

**DEFINITIONS**

4.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

**PARTIES**

5.      Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.      ARS maintains a location at 1643 NW 136th Avenue, Suite 10, Sunrise, Florida 33323.

7.      ARS uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8.      ARS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9.      ARS is a division of HRRG.

10.      HRRG a foreign limited liability company with its office located at 1801 NW 66TH Avenue, Suite 200-C, Plantation, Florida 33313.

11.      HRRG uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

12.      HRRG is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13.      John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims

against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14.    Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

15.    This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers for whom Defendants communicated to any person, credit information which is known to be false and/or for whom Defendant failed to communicate to any person that a disputed debt was disputed as set forth herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a.    Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were harmed by the Defendant's conduct in violation of the FDCPA. Plaintiff is complaining about a standard conduct that occurred to at least forty (40) persons.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i.   Whether the Defendants violated various provisions of the FDCPA;

   ii.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv.  Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.  A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.   A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.   Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.   Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.   Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.   Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.   On or about January 16, 2018, Plaintiff allegedly incurred one or more financial obligations ("OBLIGATION or OBLIGATIONS") to EMER PHY ASSOC NORTH JERSEY, PC, for which Defendants reported information to one or more national credit reporting agencies.

19.   The OBLIGATIONS arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.   Plaintiff incurred the OBLIGATIONS by obtaining goods and services, which were primarily for personal, family and household purposes.

21.   Plaintiff did not incur the OBLIGATIONS for business purposes.

22.   The OBLIGATIONS did not arise out of a transaction that was for business use.

23.   Each OBLIGATION is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.   At some time prior to May 15, 2018, the OBLIGATION was placed with HRRG for the purpose of collection.

25.   At the time the OBLIGATION was placed with HRRG for the purpose of collection, the OBLIGATION was past due.

26.   At the time the OBLIGATION was placed with HRRG for the purpose of collection, the OBLIGATION was in default.

27.   On or about May 15, 2018, HRRG caused to be mailed to Plaintiff a letter attempting to collect the OBLIGATION. A copy of said letter is annexed hereto as Exhibit A.

28.   On June 14, 2018, Plaintiff sent a letter to HRRG that she disputes the OBLIGATION. A copy of said letter is annexed hereto as Exhibit B.

29.   On or about December 12, 2018, HRRG caused to be mailed to Plaintiff a letter attempting to collect the OBLIGATION. A copy of said letter is annexed hereto as Exhibit C.

30.   The December 12, 2018 letter stated in part:

> As such we are writing to advise that we are evaluating this account for a potential sale to a debt buyer; for placement with another collection agency; or for transfer to ARS Account Resolution Services (ARS) a division of HRRG.

31.   Sometime between December 12, 2018 and February 25, 2019, HRRG did in fact transfer the OBLIGATION to its division, ARS Account Resolution Services.

32.   At the time HRRG transferred the OBLIGATION to ARS, it did not inform ARS that Plaintiff had disputed the account via the June 14, 2018 letter.

33.   On February 25, 2019 ARS caused to be mailed a letter to Plaintiff attempting to collect the OBLIGATION.  OBLIGATION. A copy of said letter is annexed hereto as Exhibit D.

34.   On March 19, 2019, Plaintiff wrote to ARS informing it that she disputes the OBLIGATION.  A copy of said letter is annexed hereto as Exhibit E.

35.  On April 8, 2019, ARS again caused to be mailed a letter to Plaintiff attempting to collect the OBLIGATION. A copy of said letter is annexed hereto as <u>Exhibit F</u>.

36.  The April 8, 2018 letter sated in part:

> Our records show you as the person responsible for payment of the charges for physician services.  Your account may be eligible for credit reporting within the next 15 days.

37.  The April 8, 2019 had a mail return address of P.O. BOX 8668 CORAL SPRINGS FL 33075.

38.  The April 8, 2019 letter also stated; "Account Resolution Services, a division of HRRG, LLC".

39.  On April 16, 2019, Plaintiff sent a letter to ARS at P.O. Box 8688, Coral Springs, Florida 33075, and included a copy of her March 19, 2019 letter. A copy of said letter is annexed hereto as <u>Exhibit G</u>.

40.  At the time the OBLIGATIONS were referred to HRRG for the purpose of collection, the OBLIGATIONS were in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

41.  At the time the OBLIGATIONS were referred to AR for the purpose of collection, the OBLIGATIONS were in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

42.  On March 6, 2021, ARS report the OBLIGATION as "Collection" to Experian.

43.  On March 6, 2021, ARS report the OBLIGATION as "Collection Charge off" to Experian.

44.  When ARS reported the OBLIGATION to Experian, it did not the OBLIGATION as disputed by Plaintiff.

45. After the date of the disputes, Defendants knew or should have known that the credit information concerning the OBLIGATION would be communicated to creditors and other persons.

46. The credit information communicated to these Experian and did not indicate that the OBLIGATION was disputed.

47. The credit information communicated to Experian and other persons concerning the OBLIGATION was false.

48. Defendants failed to communicate to any person that the OBLIGATION was disputed.

49. Since April 15, 2020, Defendants have communicated to at least one person, credit information which is known or should be known to be false.

50. ARS knew or should have known that its actions violated the FDCPA.

51. HRRG knew or should have known that its actions violated the FDCPA.

52. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

53. Defendants' failure to report a disputed debt as such violates the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Failing to communicate that a disputed debt is disputed; and

    (c)    Using a false representation or deceptive means to collect or attempt to collect a debt.

54. On information and belief, Defendant engaged in the practices described herein, for at least 40 natural persons within New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

55. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

57. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

58. By failing to communicate that the OBLIGATION was disputed to one or more of the credit reporting bureaus, Defendants engaged in a false, deceptive or misleading representation or means in connection with the collection of the debt.

59. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character or legal status of the debt.

60. By failing to communicate that a disputed debt was disputed, Defendants made a false representation of the character or legal status of the debt.

61. By communicating credit information which is known to be false or should be known to be false, Defendants made a false representation of the character or legal status of the debt.

62. Section 1692e(8) of the FDCPA prohibits a debt collector from communicating to any person credit information which is known to be false or should be known to be false, including the failure to communicate that a disputed debt is disputed.

63. Defendants violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating to any person credit information which is known to be false or should be known to be false.

64. Defendants violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to any person that the OBLIGATION was disputed.

65. Defendants violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to one or more of the credit reporting bureaus that the OBLIGATION was disputed.

66. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

67. By failing to communicate that the OBLIGATION was disputed as described herein, Defendants engaged in a false representation or deceptive means to collect or attempt to collect the debt.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to have the Defendants abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692e(8).

71. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

72.    Plaintiff has suffered damages and other harm as a direct result of the Defendants'
actions, conduct, omissions and violations of the FDCPA described herein.

73.    Defendant's failure to act as described herein caused harm to the credit of Plaintiff
and others similarly situated.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and
certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys'
fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court
may deem just and proper.

Dated: July 23, 2019                         Respectfully submitted,

                                             *s/ Joseph K. Jones*
                                             Joseph K. Jones, Esq.
                                             JONES, WOLF & KAPASI, LLC
                                             One Grand Central Place
                                             60 East 42nd Street, 46th Floor
                                             New York, NY 10165
                                             (646) 459-7971 telephone
                                             (646) 459-7973 facsimile
                                             jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.

# Exhibit

# A



# HRRG

**MAIL RETURN ONLY**
PO BOX 8486 · CORAL SPRINGS FL 33075-8486

**800-984-9115**
en Español 800-398-3975

May 15, 2018

HRRG ▲ 0 1 6 8 2 1
JOAN P KLAYTON

Re: █████89 Validation Notification
hrrgcollections.com

Dear Joan P Klayton:

PIN# █████.532

The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due. To pay, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below using the postage paid envelope. To pay using our automated IVR accessible 24 hours a day, call 855-pay-hrrg (855-729-4774) or visit our website at www.hrrgcollections.com. Both options require the PIN # listed above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from Healthcare Revenue Recovery Group, LLC, a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)

Reference #: █████389    Total Balance: $264.79    Amount Enclosed $_____

| Creditor | Account # | Regarding | Amt Owed | ServDate |
|---|---|---|---|---|
| EMER PHY ASSOC N JERSEY | █████38 | KLAYTON,JOAN P | 264.79 | 01/16/18 |

PO BOX 5406
CINCINNATI OH 45273-7942

H1

# Exhibit

# B

Joan P. Klayton

██████████████████

June 14, 2018

HRRG
PO Box 8486
Coral Springs, FL   33075-8486

Re:  You letter of May 15, 2018, received May 22, 2018
     Creditor: EMER PHY ASSOC N JERSEY
     Account #:  ████████████████038


Dear Sir or Madam,

I am responding to your above referenced letter (copy enclosed).  I am unaware of any such debt or any debts at all.

You are on notice that I am 100% disputing the validity of this debt.

In accordance with the Fair Debt Collection Practices Act, Section 809(b):  Validating Debts:

> (b) If the consumer notifies the debt collector in within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgement, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

I respectfully request that you provide or reconfirm and validate the following information:

> (1)  The amount of the debt;
> (2)  The name of the creditor to whom the debt is owed;
> (3)  provide a verification or copy of any judgment (if applicable):
> (4)  Proof that you are licensed to collect debts in New Jersey.

Be advised that I am fully aware of my rights under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.  For instance, I know that:

> (1)  Because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense;
> (2)  You cannot add interest or fees except those allowed by the original contract or state law.
> (3)  You do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;

Also be advised that I am keeping very accurate records of all correspondence from you and your company including recording all phone calls and I will not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau.

I have disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2. Should you pursue a judgement without validating this debt, I will inform the judge and request the case dismissed based on your failure to comply with the FDCPA.

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so that are also aware of my dispute with this debt.

Yours truly,

Joan P. Klayton

# Exhibit

# C

# HRRG

MAIL RETURN ONLY
PO BOX 8486 · CORAL SPRINGS FL 33075-8486

**800-984-9115**

en Español 800-398-3975

December 12, 2018

Office Hours:
Monday through Friday
8:00AM to 11:00PM EST/EDT

HRRG ▲ 023812

JOAN P KLAYTON

Re: ▮▮▮389 Final Notice
hrrgcollections.com
PIN# ▮▮▮▮532

Dear Joan P Klayton:

Some time ago, the health care provider(s) listed below, hired Healthcare Revenue Recovery Group, LLC (HRRG) to collect the balance shown below. Despite our collection efforts, all or at least part of your balance remains outstanding. As such, we are writing to advise you that we are evaluating this account for potential sale to a debt buyer; for placement with another collection agency; or for transfer to ARS Account Resolution Services (ARS), a division of HRRG.

HRRG has not reported this account to any credit bureaus. However, you should be aware that if the account is sold or transferred, either the new agency; the new owner; or ARS may choose to report this account as a delinquent debt to the major credit bureaus. (NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION).

We want to work with you to resolve this matter.  Please call us toll free at 800-984-9115 to discuss payment on this account.

Best regards from,

Healthcare Revenue Recovery Group, LLC

(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)

✂ - - - - - - - - - - - - - - - - - - - ✂ - - - - - - - - - - - - - - - - - -

| Reference #: ▮▮▮389 | Total Balance: $264.79 | Amount Enclosed $ _____ |
|---|---|---|

| Creditor | Account # | Regarding | Amt. Owed | ServDate |
|---|---|---|---|---|
| EMER PHY ASSOC N JERSEY | ▮▮▮▮8038 | KLAYTON, JOAN P | 264.79 | 01/16/18 |

PO BOX 5406
CINCINNATI OH 45273-7942

H7

# Exhibit

# D

# ARS



MAIL RETURN ONLY
PO BOX 8668 · CORAL SPRINGS FL 33075-8668

Account Resolution Services
a division of HRRG, LLC
P.O. Box 459079
Sunrise, FL 33345-9079
Toll Free Phone 800-694-3048
En Español 800-694-3397
Hours of Operation
Mon - Thurs 8:30am EST to 8:00pm EST
Fri 8:30am EST to 5:30pm EST

February 25, 2019

ARS ▲ 039511▐█▐▌█▐█▐█▐▌█▌▐█▌█▐▌▐▌█▐▌
JOAN P KLAYTON

Re: ███████ Validation Notice
www.arspayment.com
PIN# ████████523

Dear Joan P Klayton:

The healthcare creditor(s) shown below hired ARS Account Resolution Services (ARS) to collect the balance due. We may report any outstanding balances to the major credit bureaus. To pay, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below. To pay using our automated IVR accessible 24 hours a day, call 844-PAY-ARS2 (844-729-2772) or visit our website at www.arspayment.com. Both options require the PIN # and the RE: # listed above along with the last four digits of your social security number.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. (NOTICE : SEE REVERSE FOR IMPORTANT INFORMATION).

(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)

✂ ------------------------------------ ✂

Reference #: ████218    Total Balance: $264.79    Amount Enclosed $ _____

| Creditor | Account # | Regarding | Amt Owed | ServDate |
|---|---|---|---|---|
| EMER PHY ASSOC N JERSEY | ████████038 | KLAYTON, JOAN P | 264.79 | 01/16/18 |

PAYMENT VOUCHER

ARS
PO BOX 630806
CINCINNATI OH 45263-0806
▐▌▐▌█▌▐▌▐█▌▐▌▐▌█▐█▌▐▌█▐▌▐▌█▐▌▐█▌▐▌█▐▌

A1

# Exhibit

# E

Joan P. Klayton

███████████████

March 19, 2019

ARS
PO Box 459079
Cincinnati, OH  45263-0806

Re:    Your letter of February 25, 2019
       Your Validation Notice #: ████218
       Your PIN: ██████523
       Creditor:  Emer Phy Assoc N Jersey

Dear Sir or Madam:

I am responding to your above referenced letter (copy enclosed).  I disputing any such debt and any debts at all.

You are on notice that I am 100% disputing the validity of this debt.

In accordance with the Fair Debt Collection Practices Act, Section 809(b): Validating Debts:
       (b) If the consumer notifies the debt collector within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgement, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

I respectfully request that you provide or reconfirm and validate the following information:

       (1)  The amount of the debt;
       (2)  The name of the creditor to whom the debt is owed;
       (3)  Provide a verification or copy of any judgment (if applicable):
       (4)  Proof that you are licensed to collect debts in New Jersey.

Be advised that I am fully aware of my rights under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.  For instance, I know that:

(1)  Because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense;

(2) You cannot add interest or fees except those allowed by the original contract or state law.

(3) You do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;

Also be advised that I am keeping very accurate records of all correspondence from you and your company including recording all phone calls and I will not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau.

I have disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act §1681s-2. Should you pursue a judgement without validating this debt, I will inform the judge and request the case dismissed based on your failure to comply with the FDCPA.

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so that they are also aware of my dispute with this debt.

Yours truly,

Joan P. Klayton

# Exhibit

# F



**MAIL RETURN ONLY**
PO BOX 8668 · CORAL SPRINGS FL 33075-8668

Account Resolution Services
a division of HRRG, LLC
P.O. Box 459079
Sunrise, FL 33345-9079
Toll Free Phone 800-694-3048
En Español 800-694-3397
Hours of Operation
Mon - Thurs 8:30am EST to 8:00pm EST
Fri 8:30am EST to 5:30pm EST

April 08, 2019

ARS ▲ 0 3 6 1 4 7
JOAN P KLAYTON

Re: ███████ Follow Up Letter
www.arspayment.com
PIN# █████523

Dear Joan P Klayton:

The healthcare creditor(s) shown below hired Account Resolution Services (ARS) to collect the balance on this account. Our records show you as the person responsible for payment of the charges for physician services. Your account may be eligible for credit reporting within the next 15 days.

If you have not yet responded to our last letter, if you did not receive our last letter, or if you have any questions, please call us toll free at 800-694-3048 or write us at the above address.

You can avoid continued collection activity by paying the balance at this time. Just fill in the credit card information on the reverse, or enclose your check/money order payable to the creditor along with the payment voucher below. To pay using our automated IVR accessible 24 hours a day, call 844-PAY-ARS2 (844) 729-2772) or visit our website at www.arspayment.com. Both options require the PIN # and the RE:# listed above along with the last four digits of your social security number.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. (NOTICE : SEE REVERSE FOR IMPORTANT INFORMATION).

(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)

✂----------------------------------------✂

Reference #: ████18        Total Balance: $264.79        Amount Enclosed $_____

| Creditor | Account # | Regarding | Amt. Owed | ServDate |
|----------|-----------|-----------|-----------|----------|
| EMER PHY ASSOC N JERSEY | ████8038 | KLAYTON, JOAN P | 264.79 | 01/16/18 |

ARS
PO BOX 630806
CINCINNATI OH 45263-0806

A8

# Exhibit

# G

Joan P. Klayton

████████████

April 16, 2019

ARS
PO Box 8668
Coral Springs, FL  33075-8668

Re:    Your letter of April 8, 2019
       Your Follow Up Letter #: ████218
       You're PIN: ████████523
       Creditor:  Emer Phy Assoc N Jersey

Dear Sir or Madam:

I am responding to your above referenced letter (copy enclosed).  Kindly check your records for my letter of March 19, 2019 (copy enclosed) sent previously in response to your letter of February 25, 2019.

Thank you for your attention to this matter.

Yours truly,

Joan P. Klayton

Joan P. Klayton

███████████████████

March 19, 2019

ARS
PO Box 459079
Cincinnati, OH  45263-0806

Re:    Your letter of February 25, 2019
       Your Validation Notice #:  ████218
       Your PIN: ██████523
       Creditor:  Riverview OP-Meridian Healthsys

Dear Sir or Madam:

I am responding to your above referenced letter (copy enclosed).  I disputing any such debt and any debts at all.

You are on notice that I am 100% disputing the validity of this debt.

In accordance with the Fair Debt Collection Practices Act, Section 809(b): Validating Debts:
    (b) If the consumer notifies the debt collector within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgement, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

I respectfully request that you provide or reconfirm and validate the following information:

    (1)  The amount of the debt;
    (2)  The name of the creditor to whom the debt is owed;
    (3)  Provide a verification or copy of any judgment (if applicable):
    (4)  Proof that you are licensed to collect debts in New Jersey.

Be advised that I am fully aware of my rights under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.  For instance, I know that:

(1)  Because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense;

(2)  You cannot add interest or fees except those allowed by the original contract or state law.

(3)  You do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;

Also be advised that I am keeping very accurate records of all correspondence from you and your company including recording all phone calls and I will not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau.

I have disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate.  Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt.  Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act §1681s-2.  Should you pursue a judgement without validating this debt, I will inform the judge and request the case dismissed based on your failure to comply with the FDCPA.

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so that they are also aware of my dispute with this debt.

Yours truly,


Joan P. Klayton