# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

KAUFMAN DOLOWICH & VOLUCK, LLP
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kdvlaw.com; mlittman@kdvlaw.com
**Attorneys for Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution**

---------------------------------------------------------

| | |
|---|---|
| JOAN KLAYTON, on behalf of herself and all others similarly situated, | : :  : |
| Plaintiff, | : |
| v. | :   No. 3:21-cv-10053-MAS-ZNQ |
|  | : |
| ARS ACCOUNT RESOLUTION, HEALTHCARE REVENUE RECOVERY GROUP, LLC and JOHN DOES 1-25, | : : : : |
| Defendants. | : |

---------------------------------------------------------

**DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY**

Defendant, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution ("Defendant"), by and through its undersigned counsel, answers Joan Klayton's ("Plaintiff") Complaint ("Complaint") and states as follows:[1]

---

[1] ARS Account Resolution is not a separate legal entity and therefore is not a properly named Defendant in this action.

1

## PRELIMINARY STATEMENT

1. Denied.  The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

2. Denied.  The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

3. Denied.  The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## DEFINITIONS

4. Denied.

## PARTIES

5. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same.  All of the remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

6. Denied.

7. Admitted in part; denied in part. Defendant admits, under certain circumstances, it attempts to resolve unpaid accounts. However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case.  Therefore, Defendant denies the same and demands strict proof thereof.  All of the remaining allegations in this paragraph, if any, are denied.

8. Admitted in part; denied in part. Defendant admits, under certain circumstances, attempts to resolve unpaid accounts.  However, Defendant lacks sufficient knowledge to admit or

deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

   9.  Admitted.

   10.  Admitted in part; denied in part. It is admitted that Defendant maintains an office in Florida, the remaining allegations in this paragraph, if any, are denied as a conclusion of law to which no response is required.

   11.  Admitted in part; denied in part. Defendant admits, under certain circumstances, it attempts to resolve unpaid accounts. However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

   12.  Admitted in part; denied in part. Defendant admits, under certain circumstances, it attempts to resolve unpaid accounts. However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

   13.  Denied.

## **CLASS ACTION ALLEGATIONS**

   14.  Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

   15.  Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

13. (Plaintiff's Second Paragraph 13): Denied.

14. (Plaintiff's Second Paragraph 14): Denied.

15. (Plaintiff's Second Paragraph 15): Denied.

16. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## STATEMENT OF FACTS

17. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same. All of the remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

18. Denied.

19. Denied.

20. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same. All of the remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

21. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same. All of the remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

22. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore

denies the same. All of the remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

23. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same. All of the remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

24. Denied.

25. Denied.

26. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

27. Denied.

28. Denied. Exhibit B is a redacted document, the redacted terms of which speak for themselves. Any attempt to characterize or mischaracterize Exhibit B is denied.

29. Denied. Exhibit C is a redacted document, the redacted terms of which speak for themselves. Any attempt to characterize or mischaracterize Exhibit C is denied. It is further denied that Exhibit C is an accurate version of the letter.

30. Denied. Exhibit C is a redacted document, the redacted terms of which speak for themselves. Any attempt to characterize or mischaracterize Exhibit C is denied. It is further denied that Exhibit C is an accurate version of the letter.

31. Denied.

32. Denied.

33. Denied.

34. Admitted in part; denied in part. It is admitted that a letter was caused to be mailed to Plaintiff. It is denied that Exhibit E is a copy of said letter as Exhibit E is incomplete.

35. Denied. Exhibit F is a redacted document, the redacted terms of which speak for themselves. Any attempt to characterize or mischaracterize Exhibit F is denied. It is denied that Exhibit F is an accurate version of the letter.

36. Denied. Exhibit F is a redacted document, the redacted terms of which speak for themselves. Any attempt to characterize or mischaracterize Exhibit F is denied. It is denied that Exhibit F is an accurate version of the letter.

37. Denied. Exhibit F is a redacted document, the redacted terms of which speak for themselves. Any attempt to characterize or mischaracterize Exhibit F is denied. It is denied that Exhibit F is an accurate version of the letter.

38. Denied. Exhibit F is a redacted document, the redacted terms of which speak for themselves. Any attempt to characterize or mischaracterize Exhibit F is denied. It is denied that Exhibit F is an accurate version of the letter.

39. Denied.

40. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

41. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

### POLICIES AND PRACTICES COMPLAINED OF

53. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

54. Denied.

### COUNT I

### ALLEGED FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

55. Defendant incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

56. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

57. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

58. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

59. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

60. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

61. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

62. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

63. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

64. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

65. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

66. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

67. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

68. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

69. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

70. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

71. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

72. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

73. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Defendant its reasonable attorneys' fees and costs incurred in defending this action; deny any other requested damages, fees, costs, other legal and equitable relief and for other such further relief as the Court deems just and equitable.

## DEMAND FOR JURY

Defendant admits Plaintiff demands a trial by jury. Defendant demands a jury pursuant to Fed. R. Civ. P. 38 for all issues so triable.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the statute of limitations.

3. Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. Plaintiff failed to mitigate any damages which Plaintiff may have suffered.

5. Plaintiff has suffered no compensable damages.

6. Plaintiff suffered no ascertainable loss of money or property.

7. At all pertinent times, Defendant complied with the Fair Debt Collection Practices Act ("FDCPA").

8. Defendant affirmatively alleges that Plaintiff's claims are barred by the lack of standing under Article III of the Constitution. *See Spokeo Inc. v. Robins*, 136 S. Ct., 1540, 1544-1550, 194 L.Ed.2d 635 (2016); *Transunion, LLC v. Ramirez*, No. 20-297, 594 U.S. ___ (2021).

9. Defendant affirmatively alleges that Plaintiff's claims are barred by the absence of an actual or imminent injury that is concrete and particularized. *See Spokeo Inc. v. Robins*, 136 S. Ct., 1540, 1544-1550, 194 L.Ed.2d 635 (2016); *Transunion, LLC v. Ramirez*, No. 20-297, 594 U.S. ___ (2021).

10. The purported class is not so numerous as to make joinder of all members impracticable.

11. The purported class is not ascertainable.

12. The questions of law or fact are not common to the purported class.

13. The claims and defenses of the Plaintiff are not typical of the claims and defenses of the purported class.

14. Plaintiff and Plaintiff's counsel cannot fairly and adequately protect the interests of the purported class.

15. Prosecution of separate actions by individual members of the purported class would not create a risk of inconsistent or varying adjudications with respect to the individual members of the purported class that would establish incompatible standards of conduct for the Defendant.

16. Prosecution of separate actions by individual members of the purported class would not create a risk of adjudications with respect to individual members of the purported

class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

17. Defendant's alleged conduct is not generally applicable to the purported class.

18. Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

                Respectfully Submitted:

                **KAUFMAN DOLOWICH & VOLUCK, LLP**

By: /s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE
Four Penn Center
1600 JFK Boulevard, Suite 1030
Philadelphia, PA  19103
(v) 215.501.7002; (f) 215.405.2973
rperr@kdvlaw.com

Dated: July 1, 2021        Attorney for Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution

## **CERTIFICATE OF SERVICE**

I, RICHARD J. PERR, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Joseph K. Jones, Esquire
Jones, Wolf & Kapasi, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY  10165
Attorney for Plaintiff

Dated:  July 1, 2021                /s/  Richard J. Perr
                                                         RICHARD J. PERR, ESQUIRE

4852-6130-5328, v. 1