

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f.  (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f.  (973) 244-0019

Reply to: New York

Joseph K. Jones, Esq.[††]
Benjamin J. Wolf, Esq.[††]
Anand A. Kapasi, Esq.[†]
Paul Gottlieb, Of Counsel

[††]Admitted NY, NJ, CT
[†]Admitted NY, NJ

https://legaljones.com

April 1, 2022

**ELECTRONICALLY FILED**

Hon. Tonianne J. Bongiovanni, USMJ
United States District Court-District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

      Re:    *Joan Klayton et al v ARS Account Resolution, Healthcare Revenue Recovery Group, LLC et al.*
              **Civil Case No. 3:21-cv-10053 (MAS)(TJB)**

Your Honor:

      Pursuant to L. Civ. R. §37.1, I write on behalf of Plaintiff and the putative class, *on consent*, to submit the parties' joint discovery dispute letter regarding a proposed non-party subpoena *duces tecum* to Experian Services Corporation ("Experian"). [ECF No. 23] Attached is a copy of the proposed Schedule A, which Plaintiff seeks to serve on Experian. No prior request has been made, and this letter only involves the following Paragraph from the proposed Schedule A: 6.

<u>Plaintiff's Position</u>

      By way of brief background, Plaintiff's 15 U.S.C. 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") case generally involves whether, or not, Defendant communicated to any person credit information known to be false and/or that a disputed debt was disputed. [ECF No. 1]. In Plaintiff's Class Action Complaint, Experian was one potential person alleged. Id at ¶¶42-49

      On January 20, 2022, this Court bifurcated discovery, stating in relevant part: "… Defendants' request to bifurcate merits from class discovery is granted. The parties may, however, engage in class related discovery either by consent or upon order of the court…"

      Given the facts about Experian pleaded in the Complaint, Plaintiff seeks non-party discovery from it. [ECF No. 1, ¶¶42-49] To that end, on Friday, March 4, 2022, the parties'

Counsel engaged in a telephonic meet/confer regarding Plaintiff's proposed Schedule A; however, (and based on bifurcation) Defendant objects to certain paragraphs related to potential class discovery. [ECF No. 23]

In Defendant's brief in support of bifurcation, it stated the following, in relevant part:

- "Defendant should not be forced to spend resources engaging in class discovery from the outset…" [ECF No. 16, p. 6];

- "The completion of discovery on the issue of Defendant's reporting of Plaintiff's account will allow Defendant to immediately move for summary judgment on this threshold issue"; [ECF No. 16, p. 7]

- "Defendant will be prejudiced should class discovery be permitted at this juncture in the case. Plaintiff's requests for Defendant's confidential and proprietary net worth information are completely premature at this point as no determination of liability has been made and no class has yet been certified…" [ECF No. 16, p. 7];

- "Members of this putative class could not be identified without reviewing each individual account to determine if any credit information that was reported was purportedly false." [ECF No. 16, p. 7]

It is respectfully submitted that the proposed Schedule A to Experian neither requires work to be completed by Defendant (thereby prejudicing Defendant or forcing it to expend resources) nor impacts Defendant's ability to move for summary judgment on the merits. [ECF Nos. 16, pp. 6-7; 23] Accordingly, Plaintiff should be permitted to serve the proposed Schedule on Experian.

**Defendant's Position**

Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services ("Defendant"), objects to Paragraph 6 in Plaintiff's proposed Subpoena as it clearly seeks discovery regarding a potential class.

Paragraph 6 seeks the following: "A list of all accounts in New Jersey provided by ARS Account Resolution and/or Healthcare Revenue Recovery Group, LLC to Experian from April 22, 2020-April 22, 2021, which Experian included in the account's credit report, involving disputed accounts." There is no dispute that Paragraph 6 is not limited to seeking discovery on Plaintiff's individual claim. This Court has Ordered that discovery is bifurcated and limited to the merits on Plaintiff's individual claim. (Doc. 23). Defendant does not consent to class discovery.

Information regarding accounts for unrelated individuals is irrelevant and not proportional to Plaintiff's individual claims against Defendant. Plaintiff's class definition only

addresses accounts where it was allegedly known that false credit information was reported and/or there was an alleged failure to communicate that a disputed debt was disputed. (Doc. 1 at ¶ 15). Plaintiff's request in Paragraph No. 6 is overly broad compared to the class definition, because Paragraph 6 includes accounts where a dispute was properly reported. Plaintiff's class action definition does not address accounts where a a dispute was properly reported. Plaintiff is seeking personal and private credit and medical information regarding these individuals whose accounts would not fall under the class definition. Therefore, Plaintiff's request for a list of all disputed accounts is overly broad compared to the class definition in the Complaint.

It is also irrelevant that a third-party, namely Experian, would have to pull the requested information as opposed to Defendant. Contrary to Plaintiff's claims, Defendant would be forced to expend a significant amount of time and resources to review the anticipated extremely voluminous amount of records that would be produced in response to Paragraph No. 6. This Court has bifurcated discovery so that the parties do not presently have to expend the time and resources to engage in class discovery.

Wherefore, Defendant respectfully requests that Your Honor deny Plaintiff's request to include Paragraph 6 in her subpoena to Experian.

Should you have any further questions please do not hesitate to contact me.

Very truly yours,

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@legaljones.com

Encl.

Cc: Monica M. Littman, Esq. (*via* ECF)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| _____ *Plaintiff* | ) ) | |
| v. | ) | Civil Action No. |
| | ) ) | |
| _____ *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____
*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    *CLERK OF COURT*
                                                    OR
        _____          _____
        *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

1. All contracts or agreements between Experian and ARS Account Resolution and/or Healthcare Revenue Recovery Group, LLC from April 22, 2020-April 22, 2021;

2. All contracts or agreements between Experian and ARS Account Resolution and/or Healthcare Revenue Recovery Group, LLC from April 22, 2020-April 22, 2021 applicable to the account of Joan Klayton, 20 Crest Road, Middleton, NJ 07748;

3. All user and/or instruction manuals provided to ARS Account Resolution and/or Healthcare Revenue Recovery Group, LLC involving disputed accounts in effect April 22, 2020-April 22, 2021;

4. All user and/or instruction manuals provided to ARS Account Resolution and/or Healthcare Revenue Recovery Group, LLC involving disputed accounts in effect April 22, 2020-April 22, 2021 applicable to the account of Joan Klayton, 20 Crest Road, Middleton, NJ 07748;

5. All documents provided by ARS Account Resolution and/or Healthcare Revenue Recovery Group, LLC to Experian from April 22, 2020-April 22, 2021 applicable to the account of Joan Klayton, 20 Crest Road, Middleton, NJ 07748;

6. A list of all accounts in New Jersey provided by ARS Account Resolution and/or Healthcare Revenue Recovery Group, LLC to Experian from April 22, 2020-April 22, 2021, which Experian included in the account's credit report, involving disputed accounts.